15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James ARRIOLA, Plaintiff-Appellant,
v.
SAFECO, a foreign corporation; Safeco Insurance Company of
America, a Washington corporation, dba Safeco; Safeco
Credit; John and/or Jane Does I through V whose true
identities are unknown, Defendants-Appellees.
 No. 92-35321.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Dec. 21, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arriola argues the district court erred in granting Safeco Insurance and Safeco Credit's motion for Judgment as a Matter of Law because a reasonable jury could have concluded the defendants willfully failed to comply with section 1681q of the Fair Credit Reporting Act. Arriola also argues there was evidence that he suffered actual damages (mental anguish) as a result of both defendants' allegedly negligent violations of section 1681q.
 
 
 3
 We have jurisdiction of the timely appeal pursuant to 28 U.S.C. Sec. 1291(a). With respect to Arriola's claims for willful noncompliance under 15 U.S.C. Sec. 1681n, we affirm as to Safeco Insurance, but reverse and remand as to Safeco Credit. With respect to his claims for negligent noncompliance under Sec. 1681o, we reverse and remand as to both defendants.
 
 
 4
 I. Willful Noncompliance by Safeco Insurance.
 
 
 5
 The willfulness requirement under 15 U.S.C. Sec. 1681n is synonymous with the requirement of "intent" in criminal statutes. See Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir.1986) cert. denied 483 U.S. 1022 (1987) ("There is no evidence that [the defendants] knowingly and intentionally committed an act in conscious disregard for the rights of others."); Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir.1993) (quoting same language); Yohay v. Alexandria Employees Credit Union, Inc., 827 F.2d 967, 972 (4th Cir.1987) ("There is considerable evidence in the record to support the jury's implicit finding that the Credit Union consciously ignored the rights of Yohay.").
 
 
 6
 Arriola argues that Safeco Insurance failed to train its employees as to the requirements of the Act and their responsibilities thereunder. We reject the argument as not addressing the question of intentional violation. Nothing in the record even suggests that Safeco Insurance willfully failed to comply with the Act.
 
 
 7
 II. Willful Noncompliance by Safeco Credit.
 
 
 8
 The documents introduced by Arriola raise a question as to whether Safeco Credit's failure to comply with the Act was willful. Arriola provided a contract, signed by Safeco Credit, which promised that Safeco Credit would do its best to comply with the Act in its dealings with the credit reporting agency. Arriola also provided a letter, signed by a Safeco Insurance employee, affirming that it was Safeco Insurance's long-standing policy to obtain credit reports on Safeco Insurance policy holders who file arson related claims. The letter states that Safeco Insurance obtained the information through "the Credit Bureau of which [Safeco Insurance] is a member." The only member of the Safeco corporate family that is a member of a credit bureau is Safeco Credit. Viewing the evidence in a light most favorable to Arriola, as we must, requires reversal.
 
 
 9
 III. Actual Damages under Sec. 1681o.
 
 
 10
 Arriola also claims that both defendants are liable for negligently failing to comply with the Act. Recovery for negligent noncompliance requires proof of actual damages. 15 U.S.C. Sec. 1681o(1). Actual damages must be "proximately caused by the defendant's violation of the Act." Zeller v. Samia, 758 F.Supp. 775, 778 n. 1 (D.Mass.1991). The damages suffered need not be out-of-pocket expenses, "humiliation and mental distress do constitute recoverable elements of damage under the Act." Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513 (5th Cir.1982); Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834-35 (8th Cir.1976); Bryant v. TRW, Inc., 487 F.Supp. 1234, 1239-40 (E.D.Mich.1980); aff'd, 689 F.2d 72 (6th Cir.1982).
 
 
 11
 Arriola alleges mental anguish, in the form of anger and humiliation, suffered when he discovered, roughly eighteen months after the fact, that his credit report was fraudulently obtained. The proximate cause of Arriola's alleged mental anguish was that both defendants allegedly negligently obtained his credit information under false pretenses. We do not sit as triers of fact. Even if our speculation of what a jury might do with the evidence is consistent with that of the District Court, we must reverse if there is a genuine issue of material fact. We therefore reverse and remand for further proceedings with regard to both defendants under 15 U.S.C. Sec. 1681o.
 
 
 12
 Each side shall bear its own costs.
 
 
 13
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3